UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARIO CRENSHAW,

    Petitioner,

v.

Case No. 23-cv-11172
Hon. Matthew F. Leitman

THE PEOPLE OF THE
STATE OF MICHIGAN,

    Defendant.

_____/

## ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner DeMario Crenshaw is presently incarcerated at the Genesee County Jail in Flint, Michigan. He has been charged with a number of criminal offenses under state law. In this action, Crenshaw seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[1] In his *pro se* petition, Crenshaw asks the Court to dismiss the pending state-court prosecution against him.

For the reasons explained below, the petition for writ of habeas corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

---

[1] Crenshaw's petition presents a pre-trial challenge to a pending criminal prosecution and should be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. *See Klein v. Leis,* 548 F. 3d 425, 430, n. 4 (6th Cir. 2008).

1

I

Crenshaw claims that he was originally charged in a criminal complaint in the 67th District Court in Flint, Michigan. That criminal complaint was dismissed without prejudice by the prosecutor so that a one-man grand jury could be summoned. Crenshaw was then indicted by the one-man grand jury and charged in Case # 21-048580-FC in the Genesee County Circuit Court with first-degree felony murder, armed robbery, carrying a concealed weapon, and felony firearm. ² The case was dismissed without prejudice and a *nolle prosequi* order entered after the Michigan Supreme Court held in another case that a one-man grand jury procedure could not be used by a judge to initiate criminal charges by the judge issuing indictments. *See People v. Peeler*, 509 Mich. 381, 395, 984 N.W.2d 80, 86 (2022). Crenshaw was then re-charged with the same charges in the 67th District Court, but the charges were dismissed when a witness failed to appear in court. Crenshaw

---

² The Court obtained the nature of the specific criminal charges from the Genesee County Circuit Court website. https://www.co.genesee.mi.us/roaccsinq/ROACase.aspx?CASE=21048580&CASETYP=FC&FILENAME=C052292736. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

claims he has been charged a fourth time in Case # 22-50527-FC, which remains pending either in the 67th District Court or the Genesee County Circuit Court.[3]

Crenshaw argues that the dismissal from the *nolle prosequi* order should have been with prejudice and that he is being subjected to selective prosecution in violation of the Equal Protection Clause of the Fourteenth Amendment. He highlights that other defendants whose cases were dismissed after the one-man grand jury procedure was declared invalid have not been recharged. He seeks to have his current criminal charges dismissed.

## II

The Court will dismiss Crenshaw's petition because he has yet to be convicted of any criminal charges in state court. A state criminal case is ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, and sentenced, and has exhausted his or her direct appeals. *See Allen v. Attorney General of the State of Maine*, 80 F. 3d 569, 572 (1st Cir. 1996). The Sixth Circuit has explained that a federal district court should generally abstain from hearing a pre-trial habeas petition filed by a state prisoner if the issues raised in the petition are capable of being resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*,

---

[3] The Court has been unable to find this case number on the Genesee County Circuit Court website and the 67th District Court does not have an online case finder on its website.

3

644 F. 2d 543, 545-546 (6th Cir. 1981). Here, the Court will abstain from resolving the issues raised in Crenshaw's habeas petition because those issues are capable of being resolved by state courts.

### III

Before Crenshaw may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b); *see also Winburn v. Nagy*, 956 F.3d 909, 911-912 (6th Cir. 2020) (state pre-trial detainee must obtain a certificate of appealability to appeal the denial of a § 2241 habeas petition). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court **DENIES** Crenshaw a certificate of appealability because jurists of reason would not debate the Court's conclusion that he has failed to demonstrate an entitlement to habeas relief.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Crenshaw leave to proceed in forma pauperis on appeal.

## IV

Based upon the foregoing, **IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, and that Petitioner is **DENIED** leave to appeal *in forma pauperis.*

**IT IS SO ORDERED.**

    s/Matthew F. Leitman
    MATTHEW F. LEITMAN
    UNITED STATES DISTRICT JUDGE

Dated: May 24, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 24, 2023, by electronic means and/or ordinary mail.

    s/Holly A. Ryan
    Case Manager
    (313) 234-5126